NUMBER 13-02-694-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
FELIX CANTU,                                                                             Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 347th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before and Justices Yañez, Rodriguez, and Garza
Opinion by Justice Yañez
 
          By one issue, appellant, Felix Cantu, challenges his conviction for the capital murder
of Jason Alvarado and Angelica Rodriguez. See Tex. Pen. Code Ann. § 19.03 (Vernon
Supp. 2004). Appellant contends that the trial court improperly admitted hearsay evidence
causing reversible error. The record contains the trial court’s certification that this case is
not a plea-bargain case and the defendant has the right of appeal. See Tex. R. App. P.
25.2(a)(2). We affirm.
          As this is a memorandum opinion not designated for publication and the parties
are familiar with the facts, we will not recite them here except as necessary to advise
the parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P.
47.4.
1. Standard of Review
          We review a trial court’s admission or exclusion of evidence under an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). 
Therefore, a reviewing court should not reverse unless a clear abuse of discretion is
shown. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An abuse of
discretion occurs when the trial court acts arbitrarily, unreasonably, or without reference
to guiding rules or principles. Montgomery, 810 S.W.2d at 380.
2. Analysis
In his sole point of error, appellant argues specifically that the trial court erred in
admitting the following statements by Rodriguez: (1) that she saw guns in a car parked
outside; (2) that she knew she was going to be killed; (3) that the people outside were the
ones that were going to kill them; and (4) that the names she wrote on the paper identified
the people outside. We address these statements in turn. 
          In regard to the first statement, the State argues that it is admissible under the
present sense impression exception to the hearsay rule. Hearsay is a statement, other
than one made by the declarant while testifying at a trial or hearing, offered in evidence to
prove the truth of the matter asserted. See Tex. R. Evid. 801(d). It is an exception to the
hearsay rule if the statement is “a statement describing or explaining an event or condition
made while the declarant was perceiving the event or condition, or immediately thereafter.” 
See Tex. R. Evid. 803(1). 
          Here, Maria Narvaez, the mother of Alvarado, testified that on December 23, 2000,
Rodriguez entered her house crying and upset. According to Narvaez, Rodriguez said she
was upset because she had just seen guns in a car parked outside the house. The record
reflects that Rodriguez made the statement to Narvaez immediately after Rodriguez saw
the guns in the car. We conclude that the trial court did not abuse its discretion in
admitting the testimony under the present sense impression exception to the hearsay rule. 
See Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). 
          The State contends that the second, third, and fourth statements are admissible
under the excited utterance and dying declaration exceptions to the hearsay rule. 
          We first address whether the statements are admissible under the excited utterance
exception to the hearsay rule. A hearsay statement is admissible under the excited
utterance exception if the statement relates to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or condition. See Tex.
R. Evid. 803(2). When reviewing whether a statement is admissible under the excited
utterance exception, the critical determination is “whether the declarant was still dominated
by the emotions, excitement, fear, or pain of the event” or condition at the time of the
statement. Zuliani, 97 S.W.3d at 596 (quoting McFarland v. State, 845 S.W.2d 824, 826
(Tex. Crim. App. 1992)). 
          In this case, the record shows that Narvaez witnessed Rodriguez enter the house
crying and upset. When Narvaez asked Rodriguez why she was upset, Rodriguez stated
that she saw guns in the car parked outside. Narvaez then testified that in her presence,
Rodriguez wrote four names on a piece of paper, stated that she knew she was going to
be killed, that the people outside were the ones that were going to kill them, and that the
names on the paper identified the people outside. Based on this testimony, the record
supports that Rodriguez was still dominated by her emotional reaction to discovering guns
in the car parked outside. Accordingly, we hold that the trial court did not abuse its
discretion in admitting statements two, three, and four under the excited utterance
exception to the hearsay rule. See Montgomery, 810 S.W.2d at 380.
          Because the trial court did not abuse its discretion in admitting statements two,
three, and four under the excited utterance exception to the hearsay rule, we need not
address whether the statements are admissible under the dying declaration exception to
the hearsay rule. See Tex. R. App. P. 47.1.
          Appellant’s sole issue is overruled. We affirm the judgment of the trial court.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
8th day of July, 2004.